UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-00379-W

| PERFECT FIT INDUSTRIES, LLC, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| DE COURCY & COMPANY, LLC, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Plaintiff's Motion to Remand (Doc. No. 6). This motion has been fully briefed and is ripe for ruling. For the reasons that follow, Plaintiff's motion is GRANTED.

## I. BACKGROUND

On July 1, 2011, Plaintiff filed its complaint in Mecklenburg County Superior Court seeking specific performance, declaratory judgment, and damages from Defendant for an alleged breach of contract and unjust enrichment. According to the complaint, Plaintiff contracted with Defendant for the exclusive right to use Defendant's formula for certain agreed upon products in the bedding industry. In exchange for the exclusive right to use this formula, Plaintiff paid Defendant a royalty fee calculated at the end of each quarter after determining the sales of Plaintiff's product using the formula. Plaintiff contends Defendant unilaterally and wrongfully terminated the parties' agreement.

The gravamen of Plaintiff's complaint is that Plaintiff overpaid approximately $46,947.43[1]

---

[1] In its reply to the instant motion, Plaintiff contends this amount has actually been reduced to $37,544.12, which accounts for a Plaintiff's continued sales that can be attributed to (and therefore decrease) the "unearned royalties" Plaintiff contends it overpaid. See Doc. No. 16, p. 2.

in royalty payments to Defendant, and Plaintiff is entitled to damages and specific performance of the exclusivity agreement, as well as a declaratory judgment that Plaintiff was entitled to notice of termination and has certain rights with respect to unearned royalties.

Defendant removed this case in August 2011 pursuant to 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction. The parties do not dispute this controversy is among citizens of different states. The parties dispute, however, whether the amount in controversy exceeds $75,000, as required for diversity jurisdiction. On that basis, Plaintiff argues the requisite threshold amount is not met and requests this Court remand this matter back to the state court.

## II. ANALYSIS

Title 28, United States Code, Section 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district . . . embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), the district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a). Generally, "the burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir.1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921)). Federal courts in this circuit have a tendency to require a defendant to establish, by a preponderance of the evidence, that the jurisdictional amount is satisfied. Gwyn v. Wal-Mart Stores, Inc., 955 F.Supp. 44, 46 (M.D.N.C.1997) (string cite omitted). Moreover, when analyzing if a defendant has fulfilled its burden, it is correct to settle any uncertainties on the side of state court control. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

Importantly, Defendant's counterclaims–mere *potential* counterclaims at this point–cannot be considered for purposes of determining whether the jurisdictional amount in controversy requirement is satisfied in the removal context. See Grecon Dimter, Inc. v. Horner Flooring Co., Inc., 2007 WL 121732 *2-3 (W.D.N.C. 2007) (analyzing the impropriety of removal based on the use of counterclaims in satisfying jurisdictional minimum and collecting cases). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). This doctrine is more commonly known as the "well-pleaded-complaint" rule. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830 (2002).

Applying the well-pleaded-complaint rule to the allegations as they stood at the time of removal, Plaintiff only seeks a total monetary award less than $75,000. In short, although Plaintiff seeks equitable relief in addition to monetary damages, it cannot be said with any certainty that the amount in controversy exceeds $75,000 based on the allegations of the complaint. Accordingly, this matter must be remanded to the state court.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion To Remand (Doc. No. is GRANTED. The Clerk's Office is respectfully directed to TERMINATE AS MOOT all other pending motions.

IT IS SO ORDERED.

Signed: February 14, 2012

Frank D. Whitney
United States District Judge